Per Curiam.

The reversal of the judgment of conviction by the County Court for the stated reason ‘‘ that the evidence produced on this trial fell far short of the minimal requirements ” is unwarranted, for such evidence establishes a violation of section 986 of the Penal Law beyond a reasonable doubt.
The proof of the possession of writings representing bets for nine races at different tracks, together with the money covering the bets, coupled with the admissions of the bettor and the defendant that the defendant had agreed “ to try to get the bets down”, justified the inference that defendant was engaged in a book-making transaction on a professional basis. Defendant argues that there must be proof of more than one transaction. A single transaction, he contends, is only eireum *335 stantial evidence which is of little value as such a circumstance is just as consistent with a finding of innocence as of guilt. The test of .a gambling transaction does not necessarily require evidence of a series of bets. In many instances the circumstances surrounding a single transaction will justify a finding of a participation in gaming to a degree forbidden by the statute. In this case the evidence given by the bettor and the defendant distinguish the conduct of the defendant from that conduct which would indicate only occasional participation. Here the defendant collected money lost by the bettor to him on a wager, and at the same time accepted additional money which represented the funds for nine bets which the defendant agreed to place. These conceded facts surely import some continuity of gambling practices. Hence the probative force of the conditions attending this single transaction was sufficient to warrant the conviction of the defendant for a violation of the statute against professional gambling.
Accordingly, the order of the Schenectady County Court should be reversed, the information reinstated and a new trial ordered.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
Order reversed, etc.